A CERTIFIED TRUE COPY
ATTEST

By Tarrell L. Littleton on Jun 08, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
JUN 0 9 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 08, 2010

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: YASMIN AND YAZ (DROSPIRENONE)
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

MDL No. 2100

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in the Central District of California action, Eastern District of California action and Northern District of Illinois action listed on Schedule A move, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the Southern District of Illinois for inclusion in MDL No. 2100. Defendants Bayer Corp., Bayer HealthCare LLC and Bayer HealthCare Pharmaceuticals Inc. (collectively Bayer) oppose the motions to vacate. The other named defendants did not respond to the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Southern District of Illinois, and that transfer of these actions to the Southern District of Illinois for inclusion in MDL No. 2100 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of Illinois was a proper Section 1407 forum for actions sharing factual questions relating to alleged injuries from ingestion of oral contraceptives containing drospirenone. *See In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, 655 F.Supp.2d 1343 (J.P.M.L. 2009).

Plaintiffs in the actions before the Panel can present their motions for remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of Illinois and, with the consent of that court, assigned to the Honorable David R. Herndon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

[*] Judge Heyburn took no part in the decision of this matter.

SOUTHERN DISTRICT OF ILLINOIS
CERTIFIED TRUE COPY
By _____ Deputy Clerk
Date 06/09/10

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

IN RE: YASMIN AND YAZ (DROSPIRENONE)
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                MDL No. 2100

## SCHEDULE A

Central District of California

Diana Sheehan, et al. v. Bayer Corp., et al., C.A. No. 8:10-180   10-20331- DRH- PMF

Eastern District of California

Alisia Rhodes v. Bayer Corp., et al., C.A. No. 1:10-418   10-20332- DRH- PMF

Northern District of Illinois

Evangeline Semark Lemoine v. Teva Pharmaceuticals Industries, Ltd., et al., C.A. No. 1:10-360
   10-20333- DRH- PMF